**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| William Thomas Sweet, | ) | Case No.: 11-06197-ABB-7 |
| | ) | |
|     Debtor. | ) | |

-----------------

| | | |
|---|---|---|
| Janet Bankard and | ) | |
| Kimberly Ann Bankard as the parent | ) | |
| and natural guardian of | ) | |
| Daniel James Bankard, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | |
| vs. | ) | A. P. No.: 11-00127 |
| | ) | |
| William Thomas Sweet, | ) | |
| | ) | |
|     Defendant. | ) | |

**MEMORANDUM OPINION**

    The matter before the Court is the Plaintiff's Renewed Motion for Partial Summary Judgment as to Damages Only and Memorandum of Law in Support Thereof filed on June 1, 2011. A.P. Docket No. 31.[1] After notice, a hearing was held on June 21, 2012. Appearing were: the debtor; his attorney Richard Nazareth; and Douglas Goldin, the attorney for the plaintiffs.  At the hearing, the debtor opposed the motion and thereafter filed a formal Defendant's Response to Renewed Motion for Partial Summary Judgment on June 21, 2012. A.P. Docket No. 34. Both matters were submitted on the arguments of counsel and the pleadings.

**I. Background**

    In an Order on an unrelated matter in this same proceeding, this Court summarized the background facts as these:

---

  [1] This adversary proceeding was reassigned on December 9, 2011, to The Honorable Benjamin Cohen, United States Bankruptcy Judge in the Northern District of Alabama, Southern Division.  Docket No. 16.

> The debtor's mother, Madeline V. Sweet, created a trust. When she died on November 7, 2003, the trust became irrevocable. According to the complaint, specific distributions were to be made to various people with the remaining assets to be distributed one-half to the debtor and one-half to a sub-trust established for the debtor's sister, Janet Bankard. The debtor and Dorothy Rich, (a co-defendant in the state court action described below), were named as co-trustees of the trust and the sub-trust.
>
> On June 6, 2008, the plaintiffs filed a state court action against the debtor and Ms. Rich in the Circuit Court of the Ninth Judicial Circuit for Orange County Florida. They asked that the debtor and Ms. Rich be removed as trustees for breach of fiduciary duty.
>
> On June 24, 2008, the lawsuit was transferred to Probate Court for the Ninth Judicial Circuit for Orange County, Florida.
>
> On October 20, 2008, the state court entered an order removing the debtor and Ms. Rich as trustees.
>
> On December 3, 2010, the state court entered a money judgment against the debtor and Ms. Rich and in favor of the plaintiffs in the principal amount of $128,872.03, plus $34,616.33 in attorney's fees and costs for a total judgment of $159,488.36.
>
> The debtor filed the pending Chapter 7 bankruptcy petition on April 27, 2011. The plaintiffs filed this dischargeability adversary proceeding on July 11, 2011. The debtor received his discharge on August 2, 2011. The plaintiffs filed the pending motion for relief on February 10, 2012.

Order at 1-2, A. P. Docket No. 27, May 10, 2012, (footnote omitted).

These same facts are sufficient for the Court to decide the instant motion.

## II.  Issue

The issue is: Should this Court give preclusive effect, under the doctrine of res judicata, to the amount of the state court judgment?[2]

---

[2] There is no issue of the preclusive effect of the state court judgment on the plaintiffs' fraud allegations.

### III.  Applicable Law

### A.  Summary Judgment

Under Rule 56(c) of the Federal Rules of Civil Procedure, applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, a moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The framework in this Circuit for determining whether there is a genuine issue of material fact which would preclude summary judgment is outlined in the decision of the Court of Appeals for the Eleventh Circuit Court in Fitzpatrick v. City of Atlanta, 2 F.3d 1112 (11th Cir.1993). This Court has followed that framework in this proceeding and applied the standards required.

### B.  Res Judicata

The Court of Appeals for the Eleventh Circuit has held consistently that when considering whether to give preclusive effect to a state court judgment under the doctrine of res judicata, it applies the state's law of preclusion. Community State Bank v. Strong, 651 F.3d 1241 (11th Cir. 2011); Madura v. Countrywide Home Loans, Inc., Case No. No. 08-14413, 2009 WL 2488175, (11th Cir. August 17, 2009); Stephens v. State Farm Fire and Cas. Co., Case No. 05-11098, 2005 WL 2174960 (11th Cir. September 09, 2005); Brown v. Comcast Cablevision of Tallahassee, Case No. 04-15970, 2005 WL 1415997 (11th Cir. June 17, 2005); Agripost, Inc. v. Miami-Dade County, ex rel. Manager, 195 F.3d 1225 (11th Cir. 1999).

Circuit Judge Ed Carnes explained the Florida law of res judicata in Brown v. R.J. Reynolds Tobacco Co., 611 F.3d 1324 (11th Cir. 2010). He wrote:

> Claim preclusion "bars a subsequent action between the same parties on the same cause of action." State v. McBride, 848 So.2d 287, 290 (Fla.2003); see also Pumo v. Pumo, 405 So.2d 224, 226 (Fla. 3d DCA 1981) ("Under the doctrine of res judicata, a final judgment or decree on the merits by a court of competent jurisdiction constitutes an absolute bar to a subsequent suit on the same cause of action and is conclusive of all issues which were raised or could have been raised in the action."); Seaboard Coast Line R.R. Co. v. Indus. Contracting Co., 260 So.2d 860, 862 (Fla. 4th DCA 1972) (same). The doctrine applies under Florida law "when all four of the following conditions are present: (1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; and (4) identity of quality in persons for or against whom claim is made." Fla. Bar v. Rodriguez, 959 So.2d 150, 158 (Fla.2007) (quotation marks omitted).

Id. at 1333.

Judge Carnes then added, "'The idea underlying [claim preclusion] is that if a matter has already been decided, the [litigant] has already had his or her day in court, and for purposes of judicial economy, that matter generally will not be reexamined ....'" Id. (citing Topps v. State, 865 So.2d 1253, 1254-55 (Fla.2004); and Denson v. State, 775 So.2d 288, 290 n. 3 (Fla.2000)).

### C.  Case Law

This Court recognized in Ehlers v. Ehlers (In re Ehlers), 189 B .R. 835, 840 n.7 (Bankr. N.D. Ala.1995), that, "As to the issue of damages, the state court judgment is res judicata as to the validity and amount of the debt." Id. (citing Matter of Dennis, 78 B.R. 1012, 1017 (Bankr. N.D. Ala.1987) (state court, civil fraud judgment is res judicata as to amount but not dischargeability); In re Reitz, 69 B.R. 192, 198 (N.D.Ill.1986); Martino v. Brown, 34 B.R. 116, 117 (D.N.M.1983); In re Mason, 175 B.R. 299, 303 (Bankr. W.D. Mo.1994); In re Neely, 125 B.R. 392, 395 (Bankr.S.D.N.Y.1991); In re Gibbs, 107 B.R. 492, 496 (Bankr. D.N.J.1989); In re Morton, 100 B.R. 607, 612 (Bankr. N.D. Ga.1989).

This general rule continues to be accepted. See Hoffmann v. Balck (In re Balck), A.P. No. 10-1005, 2011 WL 4529403 at *8 (Bankr. D.Colo. Sep 28, 2011) ("A prior state court judgment is res judicata as to the total amount of debt, and precludes this Court from redetermining the amount of Hoffman's damages. In re Griego, 64 F.3d 580, 584–85 (10th Cir.1995). This is true even though the state court judgment was entered on summary judgment or default judgment. Id. at 584." Id. See also Shaw v. Shaw (In re Shaw), 210 B.R. 992 (Bankr. W.D. Mich.1997) (citing Armbrustmacher v. Redburn (In re Redburn), 202 B.R. 917, 920 (Bankr. W.D. Mich.1996) "(dischargeability issues aside, amount of damages awarded in earlier litigated action is res judicata)."  Id.

### IV.  Conclusions of Law

This Court cannot find any factual or legal reason why the instant matter is excepted from the general rule. The relevant facts demonstrate that res judicata applies to the amount of the damages in the instant action.  All four of the required Florida law factors are met. The same parties in their same capacities litigated the same issue of damages for fraud.  As Judge Carnes explained, "'The idea underlying [claim preclusion] is that if a matter has already been decided, the [litigant] has already had his or her day in court, and for purposes of judicial economy, that matter generally will not be reexamined ....'" Topps v. State, 865 So.2d 1253, 1254-55 (Fla.2004); see also Denson v. State, 775 So.2d 288, 290 n. 3 (Fla. 2000) (per curiam) (same).'" Id. at 1333.

Consequently, under the doctrine of res judicata, this Court is required to give preclusive effect to the state court judgment in regard to the amount of any damages that this Court may find is not dischargeable.

Based on the above, the Court finds that, as to the issue of damages, there is no genuine issue as to any material fact and that the plaintiffs are entitled to judgment as a matter of law.  Therefore, if the Court finds that the debt the plaintiffs contend they are owed by the defendants is not dischargeable, the amount of that debt, as determined by the state court's December 3, 2010, order is $159,488.36.

An order will be entered contemporaneously with this Memorandum Opinion.

Dated: June 25, 2012     /s/Benjamin Cohen
                                                      BENJAMIN COHEN
                                                     United States Bankruptcy Judge